UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TARA CHAPELL**, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**BARCLAYS BANK DELAWARE**, a Delaware corporation, and **UNIDENTIFIED ENTITIES A through Z**, Inclusive,<br><br>Defendants. | **Civil Action No.** 3:11-cv-01702-JBA<br><br>December 16, 2011 |

## REPORT OF PARTIES' PLANNING MEETING

Plaintiff Tara Chapell (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Barclays Bank Delaware (hereinafter "Defendant" or "Barclays") respectfully submit this Joint Report of the Parties Planning Meeting pursuant to D. Conn. L. Civ. R. 26(f).

**Parties:** Plaintiff, Tara Chapell

Defendant, Barclays Bank Delaware

**Date Complaint Filed**: October 3, 2011 (Connecticut Superior Court)

**Date Complaint Served**: Sent by mail on September 30, 2011

**Date Complaint Received**: October 4, 2011

**Date of Removal**: November 2, 2011

**Date of Defendant's Appearance**: November 2, 2011

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on Friday, December 2, 2011.  The participants were: David S. Paris of Paris, Ackerman &

Schmierer LLP, Tiffany M. Yiatras of Carey, Danis & Lowe, and Mark P. Kindall of Izard Nobel LLP for Plaintiff, Tara Chapell; and Jonathan B. Orleans of Pullman & Comley LLC, Noah A. Levine and Jason D. Hirsch of Wilmer Cutler Pickering Hale and Dorr LLP for Defendant Barclays Bank Delaware.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (1) the case is a class action; (2) at least one member of the putative class of plaintiffs is a citizen of a State different from the defendant; (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) membership of the putative class exceeds 100. *See id.* § 1332(d)(2), (5)-(6).

### B. Personal Jurisdiction

Personal Jurisdiction is not contested in this case.

## III. Brief Description of Case

### A. Claims of Plaintiff/s:

Plaintiff is an individual citizen of the state of Connecticut who is bringing claims on behalf of herself and all others similarly situated. Defendant is a major credit card company who

sells products known as Account Protector, or other similar monikers, for a percentage of the account holder's monthly balance. Plaintiff asserts claims challenging debt cancellation and debt suspension products offered by Defendant known as Account Protector, or some other similar moniker (collectively referred to as "Account Protector"). In particular, Plaintiff alleges, among other things, that Defendant engaged in improper marketing and administration of Account Protector, enrolled consumers without their consent into the Plan, and improperly denied claims for benefits. As a result of the foregoing, Plaintiff filed this action for damages and injunctive relief for violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a *et. seq* and for Common Law Fraud, Unjust Enrichment, Unconscionability, and Civil Theft.

**B.      Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s:**

Defendant maintains that this case should be stayed in favor of arbitration under the Federal Arbitration Act for the reasons stated in its Motion For a Stay of Proceedings in Favor of Arbitration filed with this Court on December 9, 2011 [Dkt. # 21] (the "Arbitration Motion"). In light of the Arbitration Motion, Barclays respectfully submits that this Court need not assess the merits of the dispute, including any affirmative defenses or counterclaims, as those issues must be addressed in arbitration.

Were the Court to deny the Arbitration Motion, then Barclays would assert in litigation a general denial of the claims raised by Plaintiff, including Plaintiff's allegation that she was involuntarily enrolled in and improperly charged for Account Protector. Among other things, Barclays would demonstrate that the claims lack any legal merit, and that, prior to litigation, upon Plaintiff's request, Barclays refunded the entire $33.30 that Plaintiff was charged for Account Protector and therefore Plaintiff has not suffered any actual damages.

**IV. Facts:**

In light of the Arbitration Motion, the parties respectfully submit that determining which facts are in dispute is premature and inefficient at this time, and propose that if the Court denies the Arbitration Motion, they be permitted to reconvene and submit a proposed scheduling order within 30 days of such denial.

**V.     Case Management Plan:**

    **A.     Standing Order on Scheduling in Civil Cases**

The parties agree that setting deadlines relating to the remaining briefing for the Arbitration Motion is appropriate and set forth their proposed schedule in Section V.F. below. In light of the Arbitration Motion, the parties respectfully submit that determining a scheduling order for any other events is premature and inefficient at this time, and propose that if the Court denies the Arbitration Motion, they be permitted to reconvene and submit a proposed scheduling order within 30 days of such denial.

    **B.     Scheduling Conference with the Court**

The parties do not currently request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), but, with the Court's permission, may seek a conference if there is any need to reconvene on these issues after the Court's ruling on the Arbitration Motion.

    **C.     Early Settlement Conference**

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.  Plaintiff is amenable to the possibility of resolving this case through an early settlement conference with the Defendant on a class-wide basis.  Plaintiff is also amenable to the

possibility of using a voluntary alternative dispute resolution device (e.g., class-wide mediation, class-wide arbitration, summary jury trial, mini-trial) to resolve the dispute.

Defendant is amenable to exploring settlement of Plaintiff's individual case, but is not amenable at this juncture to discussing potential settlement of the case on a class wide basis. Defendant is also not amenable to using a voluntary alternative dispute resolution device (e.g., class-wide mediation, class-wide arbitration, summary jury trial, mini-trial) at this juncture to resolve the dispute on a class-wide basis.

2. Given the above, the parties do not request an early settlement conference.

3. Given the above, the parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.    Joinder of Parties and Amendment of Pleadings**

In light of the Arbitration Motion, the parties respectfully submit that determining a schedule for joinder of parties and amendment of pleadings is premature and inefficient at this time, and propose that if the Court denies the Arbitration Motion, they be permitted to reconvene and submit a proposed scheduling order within 30 days of such denial.

**E.    Discovery**

The parties have conferred in good faith but have been unable to agree as to all issues concerning whether any discovery is appropriate at this time in light of the Arbitration Motion. The parties agree, and respectfully submit, that the setting of deadlines for merits or other-non-arbitration discovery is premature and inefficient at this time, and propose that if the Court denies the Arbitration Motion, they be permitted to reconvene and submit a proposed scheduling order within 30 days of such denial. The parties disagree about whether any arbitration-related discovery is appropriate at this time, and set forth their respective positions as follows:

*Plaintiff's Position:*

Plaintiff intends to seek the Court's permission to take limited discovery relating to issues Plaintiff believes are raised by the Arbitration Motion, and to ask the Court to defer its ruling on Barclays' Motion pending completion of such discovery.  Plaintiff will respectfully request that the Court adopt the following limited discovery schedule, subject to any motion practice related thereto:

| | |
|---|---|
| Plaintiffs' Deadline to request Discovery related to issues raised in the Motion to Compel Arbitration and Stay Proceedings: | 30 days from the date on which this order is adopted. |
| Defendants' Deadline to respond or otherwise object to Discovery Requests: | 60 days from the date on which this order is adopted. |
| Plaintiffs' Deadline to respond to Defendants objections relating to discovery: | 90 days from the date on which this order is adopted |
| Plaintiffs' Deadline to file Motion to Compel Discovery | 90 days from the date on which this order is adopted. |
| Defendants' Deadline to respond to Plaintiffs' Motion to Compel Discovery | 120 days from the date on which this order is adopted. |
| Plaintiffs' Deadline to reply to Defendants' Motion to Compel Discovery | 135 days from the date on which this order is adopted. |
| Defendants' Deadline to reply to Plaintiffs' response to Defendants objections relating to discovery: | 135 days from the date on which this order is adopted. |

*Defendant's Position:*

Barclays intends to oppose Plaintiff's request for discovery relating to the Arbitration Motion, based on the discovery that Plaintiff's counsel thus far has explained it will seek, as Barclays does not believe that any discovery on those matters is necessary or justified prior to the Court's resolution of the Arbitration Motion.

  **F.**  **Dispositive Motions:**

In light of the Arbitration Motion, the parties respectfully submit that the setting of deadlines for dispositive motions other than the Arbitration Motion is premature and inefficient

at this time, and propose that if the Court denies the Arbitration Motion, they be permitted to reconvene and submit a proposed scheduling order within 30 days of such denial.  As to the schedule for remaining briefing on the Arbitration Motion, the parties have conferred in good faith but have been unable to agree, and set forth their respective positions as follows:

*Plaintiff's Position:*

Plaintiff believes that her opposition to the Arbitration Motion should be stayed in light of her intention to seek discovery on issues raised by the Arbitration Motion.

*Defendant's Position:*

As stated above, Barclays does not believe that any discovery is necessary or justified prior to the Court's resolution of the Arbitration Motion and that Plaintiff's request should not be deemed to stay her obligation to respond to the Arbitration Motion in a timely manner.  Barclays respectfully requests that the Court adopt the following proposed schedule relating to the Arbitration Motion:

| Defendant's Arbitration Motion filed on: | December 9, 2011 |
| --- | --- |
| Plaintiffs' opposition to the Arbitration Motion shall be due: | January 6, 2011 |
| Defendant's reply to Plaintiff's opposition to the Arbitration Motion shall be due: | January 27, 2011. |

### G.     Joint Trial Memorandum

In light of the Arbitration Motion, the parties respectfully submit that setting of a deadline for a Joint Trial Memorandum is premature and inefficient at this time, and propose that if the Court denies the Arbitration Motion, they be permitted to reconvene and submit a proposed scheduling order within 30 days of such denial.

**VI.  TRIAL READINESS**

In light of the Arbitration Motion, the parties respectfully submit that setting of Trial Readiness deadlines is premature and inefficient at this time, and propose that if the Court denies the Arbitration Motion, they be permitted to reconvene and submit a proposed scheduling order within 30 days of such denial.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff Tara Chapell

By:   /s/ Nancy A. Kulesa
      Nancy A. Kulesa (CT 25384)
      Jeffrey S. Nobel (CT 04855)
      Mark P. Kindall (CT 13797)
      **IZARD NOBEL LLP**
      29 South Main Street, Suite 215
      West Hartford, CT  06107
      Telephone: (860) 493-6202
      Email: jnobel@izardnobel.com
            mkindall@izardnobel.com
            nkulesa@izardnobel.com

**ATTORNEY FOR PLAINTIFF**

Date:  December 16, 2011

Defendant Barclays Bank Delaware

By:   /s/ Jason D. Hirsch (with consent)
      Jason D. Hirsch
      **WILMERHALE**
      399 Park Avenue
      New York, NY 10022 USA
      Telephone: (212) 937-7262
      Facsimile:  (212) 230-8888
      Email: jason.hirsch@wilmerhale.com

Date:  December 16, 2011

**CERTIFICATION**

I hereby certify that on December 16, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Nancy A. Kulesa
Nancy A. Kulesa (CT 25384)