IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARA CHAPELL, | ) | |
| | ) | |
| | ) | 3:11-CV-01702 (JBA) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARCLAYS BANK DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | December 29, 2011 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR AN EXTENSION OF TIME

The Court should deny Plaintiff Tara Chapell's request [Dkt. #27] that her response to

Defendant Barclays Bank Delaware's ("Barclays") pending motion to stay this litigation in favor

of arbitration [Dkt. #21] be deferred until 45 days after she completes as-yet unspecified

discovery.  Barclays' pending stay motion is straightforward.  The motion explains that the

parties have a valid agreement to arbitrate and that the agreement squarely covers the present

dispute.  Plaintiff's claim thus belongs in arbitration—not in court.  In her filing, Plaintiff does

not say that she disputes either the existence of the arbitration agreement or its coverage of her

claims.  Nevertheless, she seeks to undermine the fundamental purpose of the parties' agreement

to arbitrate—simplified, expeditious resolution of disputes before an arbitrator—by seeking to

conduct discovery in this court rather than either proceeding promptly to arbitration or timely

responding to Barclays' pending motion.  Because Plaintiff has not specified why discovery is

necessary or appropriate to any issue to be decided in Barclays' stay motion, the Court should

deny Plaintiff's motion.

*First*, courts routinely decline to permit a party to take discovery *before* submitting a claim to arbitration. *See, e.g.*, *Falcone Bros. P'ship v. Bear Sterns & Co., Inc.*, 699 F. Supp. 32, 35 (S.D.N.Y. 1988) ("The law in this circuit … is that discovery on the subject matter of a dispute to be arbitrated should be denied in the absence of extraordinary circumstances."); *see also, e.g.*, *Hughes, Hooker & Co. v. Solarino*, No. 04 Civ. 1859 (SHS), 2005 U.S. Dist. LEXIS 11381, at *22 (S.D.N.Y. June 9, 2005) (denying plaintiff's request for pre-arbitration discovery where plaintiff "has not demonstrated the sort of extraordinary circumstances that would warrant discovery prior to arbitration"); *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005) (affirming denial of request for arbitration-related discovery). The reason is that pre-arbitration discovery in court is inconsistent with the "simplicity, informality, and expedition" of arbitration as a method of dispute resolution. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 628 (1985)); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (Section 3 of the Federal Arbitration Act governing stays in favor of arbitration "call[s] for an expeditious and summary hearing, with only limited inquiry into factual issues").

*Second*, Plaintiff has provided no reason why there is any justification for pre-arbitration discovery in this case. Plaintiff has not served Barclays with any discovery, and her motion is vague and non-specific about what discovery she believes she needs. She states only that it would "notably" include the following: (1) discovery "regarding her contract defenses to the purported arbitration agreement," and (2) documents related to herself and "to how other card members were enrolled in Defendant's Account Protector program" that would provide "circumstantial evidence of what happened in this *instant* litigation." Pl. Mot. at 1-2. But

neither category of discovery has any bearing on the limited issues that this Court must address

in deciding Barclays' stay motion.

In the Second Circuit, a district court is required to stay a proceeding pursuant to

Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, where (1) the arbitration agreement is

valid, and (2) the agreement covers the dispute at issue.  *See, e.g., Oldroyd v. Elmira Sav. Bank*,

134 F.3d 72, 75-76 (2d Cir. 1998).  As Barclays has explained in its pending motion, each of

these requirements is satisfied here as a matter of law.  Barclays Mem. at 5-11.

The only two avenues of discovery that Plaintiff claims to need have no relevance to

either issue.  Plaintiff states that she wants to conduct discovery of "her contract defenses," but

she does not say (1) what those defenses are, (2) why they would be relevant to Barclays'

pending motion, or (3) why Barclays, rather than Plaintiff herself, would possess the unspecified

information on "her" unspecified defenses.  The only potential contract defense that Plaintiff has

ever described to Barclays' counsel (in the conference held pursuant to Fed. R. Civ. P. 26(f)) is

an assertion that state-law principles of unconscionability require that she be able to arbitrate on

a class-wide basis.  But as explained in Barclays' motion, the Supreme Court's recent decision in

*AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), forecloses that unconscionability

argument, as do Delaware and Connecticut law.  *See* Barclays Mem. at 8-11 & n.4.  No amount

of discovery into the factual basis of Plaintiff's apparent unconscionability defense would affect

this dispositive legal precedent.  *See, e.g.*, *Jackson*, 425 F.3d at 1318 (upholding denial of

arbitration-related discovery where plaintiff "failed to show how the discovery would have any

impact on the enforceability of the arbitration clause"); *Washington Square Sec., Inc. v. Aune*,

253 F. Supp. 2d 839, 845 (W.D. N.C. 2003) ("[T]here is no need to conduct any discovery, albeit

limited, where it is clear that the instant dispute is, in fact, arbitrable.").

Plaintiff also states that she wants to conduct discovery into the enrollment of "other card members" in Barclays' Account Protector program to provide her with "circumstantial evidence" to substantiate her own claims.  Pl. Mot. at 2.  But inquiry into the *merits* of the lawsuit, and especially the merits of other persons' claims, has no relevance to the narrow questions related to the *arbitrability* of Plaintiff's claims.  Issues related to the merit, or lack of merit, of Plaintiff's claims are for the arbitrator to address.  There is no basis in the law for conducting merits discovery prior to arbitration, much less wide-ranging merits discovery of other putative class members' claims.  *See, e.g.*, *Falcone Bros.*, 699 F. Supp. at 35.

Finally, in the alternative, Plaintiff requests a 30-day extension of time in which to respond to Barclays' pending motion.  *See* Pl. Mot. at 2.  On December 21, 2011, Plaintiff's counsel asked Barclays' counsel whether Barclays would agree to defer Plaintiff's response until 45 days after the completion of discovery or, in the alternative, for 30 additional days to respond to Barclays' motion.  A day later, on December 22, Barclays' counsel responded that Barclays would agree to an extension through January 16, 2012, provided that Barclays was permitted a commensurate extension for its reply brief until February 6, 2012.  Barclays does not oppose an extension of that length of time.

For the reasons set forth above, Barclays respectfully requests that the Court deny Plaintiff's motion.


Dated:  December 29, 2011                          Respectfully submitted,
New York, NY
                                                  /s/ Noah A. Levine

Noah A. Levine (*pro hac vice*)
David S. Lesser
Jason D. Hirsch
WILMER CUTLER PICKERING HALE
  AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800


Jonathan B. Orleans (CT05440)
PULLMAN & COMLEY, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
(203) 330-2000


*Attorneys for Defendant*
*Barclays Bank Delaware*

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was filed electronically and served by email on all counsel of record.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Dated: New York, New York this 29th day of December, 2011

/s/ Noah A. Levine
Noah A. Levine (*pro hac vice*)