UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TARA CHAPELL**, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**BARCLAYS BANK DELAWARE**, a Delaware corporation, and **UNIDENTIFIED ENTITIES A through Z**, Inclusive,<br><br>Defendants. | **Civil Action No.** 3:11-cv-01702-JBA<br><br>January 11, 2012 |

**REPLY MEMORANDUM REGARDING PLAINTIFF TARA CHAPELL'S MOTION FOR AN EXTENSION OF TIME TO FILE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO BARCLAYS BANK DELAWARE'S ("DEFENDANT") MOTION TO STAY PROCEEDINGS IN FAVOR OF ARBITRATION UNTIL 45 DAYS AFTER DEFENDANT RESPONDS TO DISCOVERY ON ARBITRATION, OR IN THE ALTERNATIVE, FOR AN ADDITIONAL 30 DAYS**

Plaintiff is seeking an extension of time to file her Memorandum in Opposition to Defendant's Motion to Stay Proceedings in Favor Arbitration ("Defendant's Motion to Compel Arbitration"), so Plaintiff is able to conduct limited discovery on the issue of arbitration. As explained more fully herein, Defendant's Motion to Compel Arbitration is governed by the same standard as a summary judgment motion, allowing discovery to discern the existence of genuine issues of material fact. Such genuine issues of material fact include: (1) whether Plaintiff has consented to the arbitration provision; (2) whether Plaintiff agreed to Defendant's payment protection plan service, which Defendant contends is governed by the arbitration provision;  (3) whether contractual defenses of unconscionability render the contract or any purported provision therein, including the arbitration provision, void; and (4) whether Defendant has established an arbitral forum where a party can effectively vindicate their statutory rights without the necessity of class-action treatment. As allowed by the Federal Rules and interpretive case law, Plaintiff

110228.1                                            1

should be afforded limited discovery to demonstrate that there are genuine issues of material fact that would defeat Defendant's motion to compel arbitration.

Despite Defendant's assertions to the contrary, AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1746, 179 L. Ed. 2d 742 (2011) does not change the longstanding precedent that for statutory claims to be arbitrated, the parties must be able to effectively vindicate their statutory rights in arbitration. In AT&T Mobility LLC v. Concepcion, the majority held that plaintiffs could vindicate their statutory rights in AT&T's arbitration, and there were no factual disputes to the contrary.

I.   **Plaintiff's motion for extension should be granted because the Federal Rules and the interpretive case law allow Plaintiff to conduct discovery in opposing a motion to compel arbitration, a summary judgment like motion.**

   A.   **Plaintiff's limited discovery on arbitration.**

Plaintiffs request is for limited discovery confined to issues relating to the narrow subject of the arbitration provision contained within the agreement that governs the account holder relationship (the "Cardholder Agreement"). The requested discovery shall be limited to a reasonable number of interrogatories and requests for the production of documents focused on gathering information that includes, without limitation: (i) the genesis of the subject arbitration provision and any revisions made to the provision over time; (ii) the various versions and iterations of the subject arbitration provision as included within the governing Cardholder Agreement from time to time; (iii) the efficacy of the subject arbitration provision (i.e. the number of times the provision has been invoked by card holders); (iv) the placement and conspicuousness of the arbitration provision within the Cardholder Agreement; and (v) the limitations, restrictions, and procedural hurdles a cardholder must overcome to invoke the arbitration provision. Plaintiff intends to propound the above-referenced discovery concurrently

with the filing of this brief.

> **B.     The standard to compel arbitration is a summary judgment standard, meaning Plaintiff should be afforded reasonable discovery.**

In reviewing a motion to compel arbitration, the Court applies essentially the same standard as when it reviews a motion for summary judgment. See Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); see, e.g., DuBois v. Macy's East, Inc., 338 F. App'x 32, 33 (2d Cir. 2009) (summary order). The party seeking an order compelling arbitration must "substantiate [its] entitlement [to arbitration] by a showing of evidentiary facts" that support its claim that the other party agreed to arbitration. Oppenheimer & Co., Inc. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995).  If the party seeking to compel arbitration makes such an evidentiary showing, the party opposing arbitration "**may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried**" as to the making of the arbitration agreement. Id. (emphasis added).  "If there is an issue of fact as to the making of the agreement for arbitration, then a trial [on that issue] is necessary."  Bensadoun, 316 F.3d at 175; see 9 U.S.C. § 4.  "Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980);  see Bensadoun v. Jobe-Riat, 316 F.3d at 175 (citing Par-Knit Mills as setting forth the standard of review applicable when reviewing a motion to compel arbitration); Sutherland v. Ernst & Young, LLP, 768 F. Supp. 2d 547, 2011 U.S. Dist. LEXIS 26889, 2011 WL 838900, at *2 (S.D.N.Y. 2011).

> **C.     The Federal Rules and the interpretive case law allows Plaintiff to conduct discovery in demonstrating that there are genuine issues of material fact to defeat a Motion to Compel or Arbitration.**

In federal court, discovery falls into two broad categories: matters relevant to a claim or

defense and matters more generally relevant to the subject matter of the action.  Trombley v. Bank of Am. Corp., 636 F. Supp. 2d 151, 153-154 (D.R.I. 2009) (citing Fed. R. Civ. P. 26(b)(1) and In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008).  The first category, discovery relevant to a claim or defense, is intended to be conducted without the court's intervention.  Id. (citing In re Cooper Tire & Rubber Co., 568 F.3d 1180, 2009 WL 1594002, at *5-*6 (10th Cir. 2009).  "The federal rules apply only to judicial proceedings under the FAA, such as actions brought in district court to compel arbitration."  Moore's Federal Practice (3d ed.) §81.08[1].  Furthermore, Fed. R. Civ. P. 81(a)(6)(b) authorizes a district court, in analyzing a motion to compel arbitration, to order discovery pursuant to Fed. R. Civ. P. 26 on matters relevant to the existence of an arbitration agreement.  Deiulemar Compagnia di Navigazione S.P.A. v. M/V Allegra, 198 F.3d 473, 481-2 (4th Cir. 1999), cert. denied, 529 U.S. 1109 (2000).

In Trombley v. Bank of America Corp., 636 F. Supp. 2d 151, 152 (D.R.I. 2009), the Court allowed plaintiffs to propound discovery prior to ruling on a motion to compel arbitration in a credit card litigation strikingly similar to the case at bar.  In Trombly, the plaintiffs filed a putative class action against Bank of America alleging violations of the federal Truth in Lending Act (TILA) and breach of credit card agreements based on the late fees charged by the Bank on credit card accounts despite an arbitration and class action waiver clause in the credit card agreements.  The defendant moved to compel arbitration, contending the credit card agreements "include an enforceable arbitration provision, which provides that Delaware law is the governing authority, precludes class actions, and designates the National Arbitration Forum ('NAF') for arbitration proceedings."  Id. at 153.  Plaintiffs opposed the motion, arguing that the class action waiver was unconscionable and therefore unenforceable and **sought additional time to respond to the Bank's motion, in order to conduct discovery concerning the unconscionability of the**

**class action waiver**. Id. at 153.  Defendant opposed plaintiffs' request for additional time, asserting that the motion to compel arbitration presented issues that were "largely legal questions and that the information necessary to support the plaintiffs' arguments is available to them without discovery." Id.

The Trombley court, in granting plaintiffs additional time to conduct discovery and, accordingly, postponing ruling on the motion to compel arbitration, observed that it was plaintiffs' burden to establish that the arbitration clause was unconscionable, and that plaintiffs' request for additional time was for purposes of conducting "limited discovery" concerning the Bank's assertion that the class action claims "are subject to arbitration." Id at 153.  Specifically, plaintiffs argued "that they need[ed] discovery to challenge the class action waiver in the arbitration provision with factual support that the waiver is unconscionable because it operates as a bar to the claims raised in this case." Id. at 154.  The Court in Trombley agreed that plaintiffs were entitled to conduct discovery relevant to the issue of whether, because of the small amounts involved in any individual claim, it "has resulted in few or no individual claims being brought against [the Bank]," With respect to the question of unconscionability, the district court held that plaintiffs were entitled to "limited discovery to address the procedures used by [the Bank] to sign up credit card members and the substantive issues of the costs and the alleged institutional bias of the NAF." Id.  Accordingly, the Trombley Court granted plaintiffs 60 days for the purpose of conducting "discovery limited to the enforceability of the class action waiver provision and the procedural and substantive unconscionability of the arbitration provision." Id.

Similarly, herein, Plaintiff seeks the same limited discovery relevant to the issues of the enforceability of the class action waiver and to the unconscionability of the arbitration provision. As such, Plaintiff is entitled to conduct limited discovery on the issues that are the subject of

defendant's motion to compel arbitration.

      **D.**    **AT&T Mobility LLC v. Concepcion does not alter the longstanding precedent that for statutory claims to be arbitrated, the parties must be able to effectively vindicate their statutory rights.**

"Like other contracts . . . [arbitration agreements] may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" D'Antuono v. Serv. Rd. Corp., 789 F. Supp. 2d 308, 319 (D. Conn. 2011) (citing 9 U.S.C. § 2 (providing that arbitration agreements may be invalidated "upon such grounds as exist at law or in equity for the revocation of any contract"); AT&T Mobility LLC v. Concepcion, 131 S. Ct. at 1746.

For statutory claims to be arbitrated, parties must be able to effectively vindicate their statutory rights. Green Tree Financial Corp. v. Randolph, 531 U.S. 79, 90, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000) (holding arbitration of statutory rights will only be compelled "so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum.").

AT&T Mobility LLC v. Concepcion does not change the longstanding authority that for statutory claims to be arbitrated, parties must be able to effectively vindicate their statutory rights. In D'Antuono v. Serv. Rd. Corp., 789 F. Supp. 2d 308, 339 (D. Conn. 2011), this Court recognized that the Supreme Court's decision in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1744, 179 L. Ed. 2d 742 (2011) has caveats that could be read to allow challenges to class action waivers. This Court astutely observed:

> in response to the dissenters' argument that class proceedings were necessary under the circumstances presented in the case to allow the plaintiffs to prosecute their small-dollar claims, see AT&T Mobility, 131 F.3d at 1760-61 (Breyer, J., dissenting), the majority expressly pointed out that the claim at issue in the case was "unlikely to go unresolved" if the arbitration agreement was enforced. Id. at 1753.

D'Antuono v. Serv. Rd. Corp., 789 F. Supp. 2d 308, 339.

In particular, the majority in <u>AT&T</u> Mobility noted the following: (1) "the claim here was most unlikely to go unresolved;" (2) under AT&T Mobility's consumer-friendly arbitration scheme, claimants were entitled to $7,500, plus double attorney fees, if they obtained an award in excess of AT&T Mobility's last settlement offer; (3) both lower courts had acknowledged that AT&T Mobility's scheme provided meaningful incentives for consumers to pursue small claims; and (4) that the district court concluded that the Concepcions were better off under their arbitration agreement with AT&T than they would have been as participants in a class action, which "could take months, if not years, and which may merely yield an opportunity to submit a claim for recovery of a small percentage of a few dollars." <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. at 1753-54.

Accordingly, there was no genuine issue of material fact that the Concepcions could vindicate their statutory rights in AT&T's arbitral forum. Critically, the parties in <u>AT&T Mobility LLC v. Concepcion</u> were also able to develop the factual record to demonstrate that there was no dispute that the Concepcions could get their proverbial 'day in court' in AT&T's arbitration. Here, defendant has made no such showing and yet wants to preclude Plaintiff from conducting limited discovery on the issue of arbitration.

E.   **Defendant's authority is distinguishable.**

Defendant's reliance on <u>Falcone Bros. Partnership v. Bear Stearns & Co.</u> and <u>Hughes, Hooker & Co. v. Solarino</u> is misplaced. Both dealt with discovery request for merits-based discovery regarding their underlying claims that were to be arbitrated. Here, Plaintiff does not want to do merits-based discovery, but instead wants to do discovery regarding plaintiff's contract defenses related to the purported arbitration clause located in the card member agreement. Likewise, <u>Jackson v. Cintas Corp.</u>, 425 F.3d 1313, 1318 (11th Cir. Ga. 2005) is

inapposite where the Eleventh Circuit refused discovery because the plaintiff failed to show how the discovery would have any impact on the enforceability of the arbitration clause. There, the discovery sought related to Cintas' selective use of employment agreements with arbitration clauses and plaintiff in no way challenged that she signed the arbitration provision nor had any defenses to that arbitration provision. If anything, the inference of the holding in <u>Jackson v. Cintas Corp.</u> is that if plaintiff made that showing, she would have been entitled to limited discovery on the issue of arbitration as related to whether she agreed to arbitrate her claims. Here, the discovery sought goes directly to whether the arbitration provision is enforceable.

## II.     Conclusion

For the forgoing reasons, Plaintiff requests this Court grants her motion for an extension of time to file Plaintiff's Memorandum in Opposition to Defendant Barclays Bank Delaware's Motion to Stay Proceedings in Favor of Arbitration Until 45 Days after Defendant Responds to Discovery on Arbitration, or, alternatively, for an additional 30 days to respond.

Respectfully Submitted,                                                **PLAINTIFF**

<u>/s/ Nancy A. Kulesa</u>
Jeffrey S. Nobel (CT 04855)
Mark P. Kindall   (CT 13797)
Nancy A. Kulesa (CT 25384)
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, CT  06107
Telephone: (860) 493-6292
Email: jnobel@izardnobel.com
         mkindall@izardnobel.com
         nkulesa@izardnobel.com

Francis J. "Casey" Flynn, Jr.
Tiffany M. Yiatras, Esq.
**CAREY, DANIS & LOWE**
8235 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri  63105
Telephone: 314-725-7700

110228.1                                                                  8

Facsimile: 314-721-0905
Email: casey@jefflowepc.com
tyiatras@careydanis.com

David S. Paris, Esq.
Ross H. Schmierer, Esq.
Bryan H. Mintz, Esq.
**PARIS ACKERMAN & SCHMIERER LLP**
101 Eisenhower Parkway
Roseland, New Jersey  07068
Telephone: 973-228-6667
Facsimile: 973-629-1246
Email: david@paslawfirm.com
ross@paslawfirm.com
bryan@paslawfirm.com

Bruce H. Nagel
Jay J. Rice
Diane E. Sammons
**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(T): (973) 618-0400
(F): (973) 618-9194
Email: bnagel@nagelrice.com
jrice@nagelrice.com
dsammons@nagelrice.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS AND SUBCLASSES**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 11th day of January, 2011, I electronically filed this document with the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to all attorneys of record.

/s/  Nancy A. Kulesa
Nancy A. Kulesa

110228.1                                    9